UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 16-195 (ABJ)(GMH) |
| | : | |
| v. | : | |
| | : | |
| **RONALD HUNT,** | : | |
| | : | UNDER SEAL |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its request that the defendant be detained pending trial.

### Introduction

The defendant is charged by indictment with conspiracy to distribute narcotics in violation of 21 U.S.C. Sections 846 and 841(b)(1)(B)(i) and 841(b)(1)(C). This case arises from an investigation into narcotics trafficking in the Washington, D.C. area. In particular, beginning in June of 2015, the FBI began to make a series of controlled purchases of heroin from a co-conspirator of the defendant. Using a cooperating witness (CW-1), the FBI bought approximately one ounce of heroin (28 grams) at a time and ultimately purchased approximately 140 grams of heroin in total from this co-conspirator. The Government will prove at trial, through toll records and surveillance, that defendant Marvin Carpenter supplied this heroin. Further, through multiple wiretaps and surveillance, the Government will prove that Carpenter conspired with defendant Ronald Hunt to distribute heroin and cocaine. Finally, on or about July 8, 2016, defendant Hunt was arrested for violating a stay away order. In a search incident to his arrest, officers recovered

1

approximately 30 grams of a white-rock luck substance that field tested positive for cocaine base.

## Intercepted Calls

The Government received authority to intercept communications on two of the cell phones used by defendant Carpenter. There were numerous drug related calls and text messages. For example, on May 3, 2015 at 17:59 (Session 51), Carpenter received a call from a co-conspirator. The caller asked, "You know the stuff I like?" Carpenter responded, "Yeah." The caller then said, "Undone, not done, undone." Carpenter again responded, "Yeah." The caller said, "Now look I'm on 31st Street… but I want four of them. How much for four of them?" Carpenter replied, "Four will be 57." The caller replied, "That's kind of high man." Carpenter said that "it" is "Grade A," and can be returned if necessary. The caller indicated that he would check with someone and then call back. At trial, an expert witness will testify that the two were discussing cocaine, and Carpenter was saying that he could sell approximately 125 grams of cocaine for $5,700. Later that same day, in a series of calls, it became clear that Carpenter directed the caller to defendant Hunt. Carpenter sent the caller Hunt's phone number, told the caller where to find Hunt, and vouched for Hunt. Hunt later called Carpenter and indicated that the deal had been completed.

The Government also received authority to intercept communications over a phone used by defendant Hunt. These interceptions show that Hunt was regularly distributing cocaine, heroin, and marijuana from Potomac Gardens. He often used runners, but he sometimes dealt to customers himself. Many of Hunt's communications were blatantly drug related. For example, on July 20, 2016 (Session 2201), Hunt called one of his runners and asked, "Got a white boy right outside the gate, right?" An unidentified male said, "Yeah." Hunt replied, "Give him three 20s

for $50." July 21, 2016 (Session 2475), he sent a text message that read, "I can go 90 a g for you" to a customer. On July 22, 2016 (Session 2646), another customer reported that one-time Hunt had "shit that tingles." Finally, on July 29, 2016 (Session 4392), a customer who was meeting with Hunt said he wanted Hunt to bring his scale with him.

In a few interceptions, Hunt discussed getting a handgun from one of his customers. These calls are also blatant. For instance, on July 20, 2016 (Session 2201), a drug customer of Hunt said that he was going to "bring you that Glock for free." In another conversation, on July 21, 2016 (Session 2396), the customer asked if Hunt wanted the serial number filed off first. Hunt repeatedly indicated that he wanted the customer to obtain a handgun for him. FBI agents ultimately confronted the customer to prevent Hunt from getting one.

### Arrest of Ron Hunt

On July 8, 2016, during our wiretap, Hunt was arrested by MPD officers for violating a Superior Court stay away from Potomac Gardens. In a search incident to arrest, the officers recovered approximately 31 grams of cocaine base and four zips of suspected heroin. Officers also recovered the phone that was being wiretapped from him. Hunt was originally charged in Superior Court (Case No. 2016-CF2-10677) in connection with that case. After Hunt was released following from jail in connection with that case, his phone was returned to him, and he continued to use it to assist him in his drug distribution.

### Applicable Law

At a detention hearing the government may present evidence by way of a proffer. United States v. Smith, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996). Further, because the defendant is charged with a serious drug violation, there is a presumption that they will be held pending trial.

See 18 U.S.C. Section 3142(e) and (f)(1)(C).   The defendant cannot rebut this presumption.

A consideration of the four factors under Section 3142(g) that guide the Court's detention decision—(1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the defendant; (3) her history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed to the community by the defendant's release —strongly support the need for and wisdom of detaining the defendant.   See 18 U.S.C. § 3142(g).

## Argument

**I.     The defendant presents a serious danger to the community.**

   A.     Nature and Circumstances of the Offenses Charged

The nature and circumstances of the offenses charged provide powerful and convincing reasons to detain the defendants until trial.   Simply put, the defendant has supplied large amounts of heroin and other narcotics over a long period of time.   The mandatory five-year prison term he is facing reflections the seriousness of his offense.   See 21 U.S.C. Section 841(b)(1)(B)(iii).

   B.     Weight of the Evidence against the Defendant

The weight of the evidence against the defendant is strong.   As noted above, defendant was personally arrested with a large amount of suspected crack cocaine and numerous, blatant wiretap calls confirm his role as a drug supplier.   The grand jury has returned an indictment against the defendant accordingly.

   C.     The Defendants' History and Characteristics

The defendant has a long criminal history.   He has been convicted of unlawful entry relating to the Potomac Gardens area where he sells drugs ( 2016-CMD-9720).   Further, he has two prior felony drug convictions—Superior Court cases 201-CF2-10867 and 2005-FEL-7245.

He also has a prior gun conviction—2001-FEL-1393.

      D.      <u>Danger to the Community</u>

There can be no doubt that drugs continue to plague our community.  Moreover, as noted above, the defendant was attempting to obtain a handgun from one of his customers.  Finally, the defendant was released with conditions following his July 8, 2016 arrest, and he went right back to selling drugs in the Potomac Gardens.  Nothing short of pre-trial detention is appropriate for this defendant.

**WHEREFORE**, we respectfully request that the Court order that the defendant be held pending trial in this matter.

                                            Respectfully submitted,

                                            CHANNING D. PHIILLIPS,
                                            UNITED STATES ATTORNEY

                                            _____/s/_____
                                            NIHAR R. MOHANTY
                                            Assistant United States Attorney
                                            D. C. Bar No. 436-686
                                            555 4th Street, N.W.
                                            Room 4120
                                            Washington, D.C. 20530
                                            (202) 252-7700

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the foregoing has been emailed to Manny Retureta, Esq., on this 4th day of November, 2016.

                                            /s/
                                          NIHAR MOHANTY
                                          Assistant United States Attorney